## LUTHER REED *versus* GEORGE REED.

The Rev. Stat. c. 105, § 35, which provides, that "in all cases that are contested, either at a probate court of original, or appellate jurisdiction, the said courts, respectively, may, at their discretion, award costs to either party," authorizes only the allowing of costs to the parties to the litigation.

ASA WILLIAMS and others petitioned to the probate court, that a guardian might be appointed over the said George Reed; and after notice and a hearing of the parties the Judge of probate decreed that the applicants take nothing by their application, and that the same be dismissed.

Luther Reed, a son of George Reed, then presented a petition to the Judge of probate, stating that Williams and others had presented said petition, and the proceedings thereon; and further, that he, relying upon their judgment and advice, and in order to save his father from further imposition and fraud, was induced to summon several witnesses, take certain depositions, and incur much expense, amounting to $26,38; that upon the hearing it was made to appear, that said George Reed had been exposed to certain frauds and impositions, which, although not enough to authorize the issuing of letters of guardianship, would not have been disclosed but for the efforts of the petitioner in the procurement of the testimony; and prayed, that he might be allowed to tax the costs against George Reed, and that execution might issue therefor.

After a hearing of these parties, it was ordered and decreed by the Judge of probate, "that the sum of $14,70, be allowed to said Luther for said costs, and that said George Reed be, and he hereby is, ordered and directed to pay said petitioner the said sum of $14,70, as costs accruing upon the application for the appointment of a guardian unto the said George Reed."

From this decision George Reed appealed, assigning as reasons for his appeal: —

1. The Judge of probate has no jurisdiction to award costs in this case, no estate being the subject of controversy, it being a question merely as to the alleged personal disability of said George Reed.

2. The said George Reed being the prevailing party, it is without precedent, that costs should be awarded against him.

3. The award of costs is objected to on the ground of expediency, the complainant being the son of the appellant, and the complaint not being sustained.

*N. Weston,* for George Reed.

*Vose,* for Luther Reed.

The opinion of the Court was by

WHITMAN C. J. — It does not appear from the copies furnished us, that the appellee was a party in the contest between Williams and others, and George Reed ; and it appears from the argument of the counsel for the appellee, that he was not.

The statute relied upon, Rev. Stat. c. 105, § 35, provides only for allowing costs to parties to the litigation. The decree of the Judge of probate, therefore, should be reversed.